UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARQUIS PEIRMEN DIXON,<br><br>          Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>          Defendant. | Case No.: 22CV258-BLM<br><br>**ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING OF FEES OR COSTS AND DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>**[ECF NO. 2]** |

  The instant matter was initiated on February 25, 2022 when Plaintiff filed a complaint "to review a decision of the Commissioner of Social Security denying plaintiff's application for Social Security Disability [and Supplemental Security Income disability] benefits for lack of disability." ECF No. 1 at 1.  That same day, Plaintiff filed an Application to Proceed in District Court without Prepaying Fees or Costs.  ECF No. at 2.  Having reviewed the complaint and motion, the Court finds that Plaintiff's complaint does not sufficiently state a claim for relief.  Accordingly, Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs is **DENIED WITHOUT PREJUDICE**, and the complaint is **DISMISSED WITH LEAVE TO AMEND**.

  **Application to Proceed in District Court without Prepaying Fees or Costs**

  All parties instituting any civil action, suit, or proceeding in a district court of the United

States, except an application for a writ of habeas corpus, must pay a filing fee. 28 U.S.C. § 1915(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee only if she is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a), which states:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding ... without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor.

The determination of indigency falls within the district court's discretion. California Men's Colony v. Rowland, 939 F.2d 854, 858 (9th Cir. 1991), reversed on other grounds by, 506 U.S. 194 (1993) ("Section 1915 typically requires the reviewing court to exercise its sound discretion in determining whether the affiant has satisfied the statute's requirement of indigency.").  It is well-settled that a party need not be completely destitute to proceed IFP. Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 339-40 (1948).  To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs ... and still be able to provide for himself and dependents with the necessities of life." Id. at 339.  At the same time, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, ... the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." Temple v. Ellerthorpe, 586 F. Supp. 848, 850 (D.R.I. 1984).  District courts tend to reject IFP applications where the applicant can pay the filing fee with acceptable sacrifice to other expenses.  See, e.g., Allen v. Kelley, 1995 WL 396860, at *2 (N.D. Cal. 1995) (Plaintiff initially permitted to proceed IFP, later required to pay $ 120 filing fee out of $ 900 settlement proceeds); Ali v. Cuyler, 547 F. Supp. 129, 130 (E.D. Pa. 1982) (IFP application denied because the plaintiff possessed savings of $ 450 and that was more than sufficient to pay the $60 filing fee). Moreover, the facts as to the affiant's poverty must be stated "with some particularity, definiteness, and certainty." United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981).

Plaintiff has satisfied his burden of demonstrating that he is entitled to IFP status.

According to his affidavit in support of application, Plaintiff is not employed, has no income except for the $33 per month that his mother provides him, and receives $195 per month in food stamps.  ECF No. 2 at 1-2.  Plaintiff does not have a checking or savings account and does not own a home or car.  Id. at 2-3.  Plaintiff spends approximately $300 per month in rent, $194 per month on food, $15 per month on laundry and/or dry cleaning[1], and $47 per month on utilities[2].  Id. at 4.  Plaintiff does not expect any major changes to his monthly income, expenses, assets, or liabilities over the next twelve months.  Id. at 5.  Based on the foregoing, the Court finds that Plaintiff has established that he is unable to pay the $402 filing fee without impairing his ability to pay for life's necessities but **DENIES WITHOUT PREJUDICE** the motion for failure to state a claim for relief.

### SUA SPONTE SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2) and § 1915(a)

Complaints filed by any person proceeding IFP pursuant to 28 U.S.C. § 1915(a) are subject to a mandatory *sua sponte* screening by the Court.  Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000); see also Alamar v. Social Security, 2019 WL1258846, at *3 (S.D. Cal. Mar. 19, 2019).  A complaint should be dismissed *sua sponte* if it is (1) "frivolous or malicious;" (2) "fails to state a claim on which relief may be granted;" or (3) "seeks monetary relief against a defendant who is immune from such relief."  See 28 U.S.C. § 1915(e)(2); Lopez, 203 F.3d at 1126–27.

To survive, all complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  Furthermore, "recitals of elements of a cause of action, supported by mere conclusory statements do not

---

[1] Plaintiff notes that his mother pays the $15.00 per month.  ECF No. 1 at 4.

[2] Plaintiff notes that his mother pays the $47.00 per month.  ECF No. 1 at 4.

suffice." Id. Instead, the plaintiff must state a claim that is plausible on its face, meaning "the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (2009) (quoting Twombly, 550 U.S. at 556, 570)). "When there are well-pleaded factual allegations, a court should assume their veracity, and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679. Social security appeals are not exempt from the general screening requirements for IFP cases proceeding under § 1915(e). Montoya v. Colvin, 2016 WL 890922, at *2 (D. Nev. Mar. 8, 2016) (citing Hoagland v. Astrue, 2012 WL 2521753, *1 (E.D. Cal. June 28, 2012)).

In the context of a social security appeal, courts within the Ninth District have established four elements necessary for a complaint to survive a *sua sponte* screening:

> First, the plaintiff must establish that she has exhausted her administrative remedies pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced within sixty days after notice of a final decision. Second, the complaint must indicate the judicial district in which the plaintiff resides. Third, the complaint must state the nature of the plaintiff's disability and when the plaintiff claims she became disabled. Fourth, the complaint must contain a plain, short, and concise statement identifying the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that the plaintiff is entitled to relief.

Skylar v. Saul, 2019 WL 4039650, *1 (S.D. Cal. Aug. 27, 2019) (quoting Montoya, 2016 WL 890922 at *2). With regard to element four, a complaint is insufficient if it merely states that the Commissioner was wrong in denying a plaintiff benefits. See id.; see also Hoagland, 2012 WL 2521753 at *3 ("Every plaintiff appealing an adverse decision of the Commissioner believes that the Commissioner was wrong. The purpose of the complaint is to briefly and plainly allege facts supporting the legal conclusion that the Commissioner's decision was wrong."). Instead, the "complaint . . . must set forth a brief statement of facts setting forth the reasons why the Commissioner's decision was wrong." Id. at *2.

After reviewing the complaint, the Court finds that Plaintiff failed to state facts sufficient to state a claim for relief. The complaint does not "state the nature of the plaintiff's disability and when the plaintiff claims []he became disabled." Skylar, 2019 WL 4039650 at *1. Plaintiff

alleges "[t]he conclusions and findings of fact of the defendant are not supported by substantial evidence and are contrary to law and regulation." ECF No. 1 at 2. The complaint lacks "a plain, short, and concise statement identifying the nature of the plaintiff's disagreement with the determination made by the Social Security Administration." Skylar, 2019 WL 4039650 at *1. Plaintiff provides no specific claims or facts to allow Defendant to form the basis of a defense. ECF No. 1 at 1-2. Accordingly, Plaintiff's complaint is **DISMISSED WITH LEAVE TO AMEND**.

**IT IS SO ORDERED**.

Dated: 3/1/2022

Hon. Barbara L. Major
United States Magistrate Judge