UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARQUIS PEIRMEN DIXON,<br><br>Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, ACTING COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No.: 22CV258-BLM<br><br>**ORDER GRANTING IN PART MOTION FOR ATTORNEY FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, (28 U.S.C. § 2412(d))**<br><br>**[ECF No. 26]** |

Currently before the Court is Plaintiff's July 5, 2023 Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) [ECF No. 26 ("Mot")], Defendant's July 20, 2023 opposition to the motion [ECF No. 28 ("Oppo.")], and Plaintiff's July 24, 2023 reply [ECF No. 29 ("Reply")].  For the reasons set forth below, Plaintiff's motion is **GRANTED IN PART**.

### PROCEDURAL BACKGROUND

On March 2, 2022, Plaintiff filed an amended complaint in this matter seeking judicial review of the denial of his applications for "Social Security Disability [and Supplemental Security Income disability] benefits for lack of disability."  ECF No. 6.

On April 6, 2023, the Court issued an Order Granting Plaintiff's Motion for Summary Judgment and Remanding for Further Proceedings.  ECF No. 25.

On July 5, 2023, Plaintiff filed a Motion for Attorney's Fees Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). Mot. Plaintiff seeks attorney's fees in the amount of $13,500. Id. On July 6, 2023, the Court issued a briefing schedule ordering Defendant to file any opposition to Plaintiff's motion by July 20, 2023. ECF No. 27. Defendant filed a timely opposition. Oppo. Plaintiff filed a reply on July 24, 2023. Reply.

## **LEGAL STANDARD**

The EAJA allows a prevailing party to seek attorney's fees from the United States within thirty days of final judgment. 28 U.S.C. § 2412(d). "A sentence four remand becomes a final judgment, for purposes of attorneys' fees claims brought pursuant to the EAJA, 28 U.S.C. § 2412(d), upon expiration of the time for appeal." Akopyan v. Barnhart, 296 F.3d 852, 854 (9th Cir. 2002). If one of the parties is the United States, either party may file a notice of appeal within sixty days of the order appealed from. See Fed. R. App. 4(a)(1)(B). "A plaintiff who obtains a sentence four remand is considered a prevailing party for attorneys' fees." Akopyan, 296 F.3d at 854. Section 2412(d)(1)(B) requires that a party's request for an award of fees include "an itemized statement from any attorney or expert witness representing or appearing on behalf of the party stating the actual time expended and the rate at which fees and other expenses were computed." Section 2412(d)(2)(A) states:

> "[F]ees and other expenses" includes the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case, and reasonable attorney fees (The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that (i) no expert witness shall be compensated at a rate in excess of the highest rate of compensation for expert witnesses paid by the United States; and (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.).

28 U.S.C.A. § 2412(d)(2)(A).

## **PLAINTIFF'S MOTION**

Plaintiff requests that the Court award him attorney's fees in the amount of $13,500. Mot. at 1. In support, Plaintiff argues that the request comports with the EAJA because he was the prevailing party, the Government's position was not substantially justified, and there are no special circumstances that make the award unjust. Id. at 3. Plaintiff also argues that the requested fee amount is reasonable as the rate he is requesting "is within the Ninth Circuit's maximum rates under the EAJA" and he reduced the hours for preparing a settlement proposal, motion for summary judgment, and reply brief from 69 to 57.8. Id. at 6.

## **DEFENDANT'S OPPOSITION**

Defendant opposes Plaintiff's motion "on the grounds that Plaintiff's fee request is unreasonably high." Oppo. at 2. Defendant contends that a $13,500 fee award "would be almost three times the amount of the average EAJA award both nationally and in the Southern District of California."[1] Id. at 4. Defendant further contends that Plaintiff has failed to satisfy his burden of showing his fee request is reasonable given that the circumstances of his case are not exceptional. Id. at 4-5. Specifically, it is unclear why Plaintiff's counsel required 38.4 hours to review the record which was only 828 pages and 17.1 hours to review the medical evidence especially given that Plaintiff's arguments were not highly fact intensive nor dependent upon the medical evidence. Id. at 6. Additionally, Plaintiff expended time researching and reviewing arguments and issues that he did not rely on or use in his briefing which should be excluded from his fee award. Id. at 7-8. Finally, hours that Plaintiff claims for vague, unnecessary, and/or excessive work such as interviewing and counseling Plaintiff on financial ability and time spent

---

[1] Defendant arrived at this conclusion after reviewing the online database created and maintained by the Administrative Conference of the United States ("ACUS") which "has the EAJA awards for 'Actions for Judicial Review of the Final Decision of the Commissioner of Social Security under the Social Security Act' for fiscal years 2019, 2020, 2021, and 2022." Oppo. at 3. Defendant argues that the Court should consider the database and notes that "[t]his Court can take judicial notice of the ACUS database because it is a publicly available record of a federal agency, and its creation and public access are mandated by 28 U.S.C. § 2412(d)(6)." Id. at 3-4.

on a reply brief should also be excluded from Plaintiff's award. Id. at 8. Defendant concludes that thirty-nine hours should be deducted from Plaintiff's fee request and Plaintiff should be awarded $4,336.95. Id. at 8, 10.

## PLAINTIFF'S REPLY

Plaintiff replies that Defendant incorrectly argues that Plaintiff is limited to a national average number of hours for his fee award and that Plaintiff's counsel did not need to review medical records, education records, or consult with Plaintiff which directly conflicts with the law. Reply at 1. Plaintiff notes that he was required to present a medical summary to the Court, the education records were required for the Adult Listing 12.05 issue, and that it is reasonable to communicate with counsel. Id. at 2. Plaintiff also argues that Defendant misstates the EAJA report and that EAJA awards are determined on a case-by-case basis, not a national or regional average. Id. at 2-3.

## ANALYSIS

Based upon Plaintiff's evidence and argument and Defendant's acknowledgement that Plaintiff should be awarded some fees, the Court finds that Plaintiff is the prevailing party in this action, that Plaintiff's motion for attorney's fees and expenses is timely, that the position of the United States was not substantially justified, and that there are no special circumstances that make an award under the EAJA unjust.

The remaining issue is the reasonableness of the requested fees and expenses which Defendant opposes. Plaintiff identified Josephine Gerrard as the only individual who worked on the case and described the work she performed. See Mot. at 11-12. Ms. Gerrard's billing rate is $234.95 per hour and Plaintiff seeks to be paid for 57.8 of Ms. Gerrard's 69 hours of work for a total of $13,500[2]. Id. at 6, 11-12. In evaluating the fee request, the Court will consider the facts of this case.

---

[2] Sixty-nine hours of work would have totaled $16,211.63. Mot. at 12. Plaintiff does not specifically identify which hours/tasks he is subtracting from the work total. Id. Instead, the billing invoice simply lists a $2,711.63 discount. Id.

Average Fee Requests

Defendant contends that the Court should consider the typical twenty-to-forty-hour range used when assessing reasonableness under the EAJA as well as the average national and district EAJA fee awards. Oppo. at 3-4. In Costa, the Ninth Circuit concluded that "apply[ing] a de facto policy limiting social security claimants to twenty to forty hours of attorney time in 'routine' cases" is an abuse of discretion. Costa v. Comm'r of Soc. Sec. Admin., 690 F.3d 1132, 1136 (9th Cir. 2012) (reiterating the Ninth Circuit's previous position that "'lawyers are not likely to spend unnecessary time on contingency fee cases in the hope of inflating their fees' because 'the payoff is too uncertain.' [ ] As a result, courts should generally defer to the 'winning lawyer's professional judgment as to how much time he was required to spend on the case'") (quoting Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir.2008)). The Ninth Circuit also questioned "the usefulness of reviewing the amount of time spent in other cases to decide how much time an attorney could reasonably spend on the particular case before the court." Id. While the Costa court acknowledged that twenty to forty hours is the most common range of hours requested and granted, it also found that courts cannot "drastically reduce awards" because the attorney has requested more than forty hours and must explain why the amount of time for each task is too high. Id. For the reasons explained below, the Court finds that an award of fees for more than forty hours is reasonable and appropriate in this matter. [3]

Time Spent Reviewing the Record

Defendant contends that Plaintiff spent an excessive amount of time, 38.4 hours, reviewing the record. Oppo. at 5. Specifically, Defendant contends that this case was not highly fact intensive, the administrative record was small, and Plaintiff's arguments did not center on

---

[3] See Anderson v. Astrue, 2009 WL 1519449, at *2 (D. Or., May 29, 2009) (noting "that even though 59.75 hours is higher than the typical range, other courts have concluded a similar number of hours is reasonable") (citing Johnson v. Astrue, WL 3984599 at *2 (N.D. Cal. Aug. 27, 2008) (finding 57 hours reasonable); and Wirth v. Barnhart, 325 F.Supp.2d 911, 913 (E.D. Wis. 2004) (finding 61.1 hours reasonable); see also Hill v. Comm'r. Soc. Sec'y Admin., 2009 WL 1838332, *3 (D. Or. June 24, 2009) (granting fee request for 56.25 hours).

the medical evidence but on his own subjective allegations. Id. at 6. Defendant contends that 17.1 hours should be deducted from the requested amount because Plaintiff did not rely on any medical findings in his brief and 8.8 hours should be deducted because Plaintiff did not rely on any evidence related to his work functions per school records, did not make any arguments concerning his ability to focus and concentrate in his opening brief, did not make any arguments regarding his 2006-2007 IEP plans, and did not rely on oral hearing transcripts in his opening brief. Id. at 6-7.

The Court does not find that the time spent reviewing Plaintiff's record was unreasonable. A thorough review of Plaintiff's medical records was necessary to determine what to include in his brief and to understand the strengths and weaknesses of any potential arguments. Plaintiff discussed his medical records/findings in the portions of his brief discussing the summary of medical evidence and the ALJ's alleged failure to address Plaintiff's mental impairment. ECF No. 21 at 4-7, 9-10. While Plaintiff does not specifically discuss his IEP in his merits brief, he does mention that he has cognitive issues and that he participated in special education programs while in school. Id. at 7, 9-10. Additionally, Plaintiff has already voluntarily reduced his billed hours from 69 to 57.8 and although it is unclear which specific hours he is reducing, some or all of those hours can be attributed to time spent reviewing the record. Mot. at 12.

Time Researching Arguments Not Used in Plaintiff's Opening Brief

Defendant's argument that Plaintiff's fee request should be reduced by 9.3 hours because his counsel researched arguments that were not ultimately used in the final briefing is unpersuasive. Plaintiff's counsel has a responsibility to research relevant arguments and issues for her client's case. The fact that some of those arguments may not pan out or be appropriate for final briefing does not make time spent researching those arguments "unnecessary." Oppo. at 7. Defendant cites to M. F. v. Kijakazi, 2022 WL 1304099, *1 (N.D. Cal., May 1, 2022) in support with a parenthetical stating "[i]t follows that fee-shifting does not extend to effort expended on issues not actually adjudicated." M.F. address fees paid for arguments raised by plaintiff's counsel that are not adjudicated by the Court. Id. M.F. cites Hensley v. Eckerhart,

461 U.S. 424, 431 (1983)[4] and Hardisty v. Astrue, 592 F.3d 1072, 1077 (9th. Cir. 2010)[5] in support of that statement. 2022 WL 1304099, at *1. Numerous district courts have concluded that Hardisty's discussion of EAJA fees only applies to the substantial justification portion of the analysis and not the reasonableness of the fees portion[6] and, therefore, have declined to extend Hardisty to reduce fees awards on issues that were raised but not adjudicated. See Greer v. Berryhill, 2018 WL 3197792, at *4 (E.D. Cal., June 26, 2018) (citing Cudia v. Astrue, 2011 WL 6780907, at *10 (E.D. Cal. Dec. 23, 2011); and Blackwell v. Astrue, 2011 WL 1077765, at *3 (E.D. Cal. Mar. 21, 2011) ("Here, defendant argues that this court should extend *Hardisty* and limit plaintiff's fees to only hours spent on issues on which plaintiff prevailed. The court, however, declines to do so."); see also Adams v. Berryhill, 2018 WL 6333694, at *3 (C.D. Cal., Oct. 26, 2018). Similarly, this Court declines to reduce the fee award to only hours spent on the issues that Plaintiff included in his brief and on which he prevailed.

Block Billing

Defendant contends that "Plaintiff impermissibly block bills some of his time entries" making it impossible to know how much time Plaintiff spent on each task. Oppo. at 5 n2. "Block-billing [] is a practice whereby an attorney reports multiple tasks in the same matter as a single block of time [and it] is disfavored 'because block billing makes it more difficult to determine

---

[4] The court in Hensley held that "[w]here the plaintiff has failed to prevail on a claim that is distinct in all respects from his successful claims, the hours spent on the unsuccessful claim should be excluded in considering the amount of a reasonable fee." Id. at 440.

[5] The court in Hardisty held that held that the provisions of the EAJA do not extend fee awards to "positions of the United States challenged by the claimant but unaddressed by the reviewing court." 592 F.3d at 1077.

[6] The EAJA permits awards to the prevailing party unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. See 28 U.S.C. § 2412(d)(1)(A). The EAJA does not define substantial justification, however, the Supreme Court has defined it to mean 'justified in substance or in the main' or 'to a degree that could satisfy a reasonable person.'" Bernal v. Commissioner of Social Security, 2015 WL 6951292, at *1 (E.D. Cal., Nov. 10, 2015) (quoting Pierce v. Underwood, 487 U.S. 552, 565 (1988)).

how much time was spent on particular activities.'" Lutz v. Comm'r of Soc. Sec. Admin., 2021 WL 4078017, at *2 (E.D. Cal., Sept. 8, 2021) (quoting Welch v. Metro.Life Ins. Co., 480 F.3d 942, 948 (9th Cir. 2007)). "When reviewing the Itemization of Services, the Court must determine whether the entries provide sufficient information to determine whether the time expended is reasonable." Caggiano v. Comm'r of Soc. Sec. Admin., 2021 WL 2779499, at *4 (D. Ariz., July 2, 2021) (citing Andreason v. Comm'r of Soc. Sec. Admin., 2020 WL 5544367, at *2 (D. Ariz. Sept. 16, 2020) (finding that block-billed entries were reasonable when the time claimed for the entire entry would be sufficient for one task listed therein)).

Here, even if Plaintiff has engaged in block billing, the blocks are all less than five hours (many are only 2-3 hours) and contain specific descriptions of the work performed by counsel which enables the Court to identify distinct claims. Accordingly, after further review, the Court finds that the hours are reasonable. Along the same lines, the Court finds Plaintiff's reduction of hours from 69 to 57.8 to be appropriate even though Plaintiff does not specifically identify which hours/work he is reducing and instead simply lists a $2,711.63 discount. Mot. at 12.

<u>Counseling Plaintiff</u>

Defendant contends that Plaintiff's fee request should be reduced by 2.3 hours because it "is unclear why several hours would be required to counsel Plaintiff on his financial ability." Oppo. at 8. The Court finds it appropriate to reduce the 2.3 hours to 1 hour. The *in forma pauperis* form is a straightforward form that was almost completely inapplicable to Plaintiff given his lack of spouse, income, savings, possessions, employment history, and dependents. See ECF No. 2. While Plaintiff may have reduced the hours for this entry, he did not specifically identify which hours/work he reduced, so the Court elects to reduce this entry to the time it finds reasonable.

<u>Motion for Summary Judgment vs. Brief on the Merits</u>

Defendant contends that 1.5 hours should be excluded from Plaintiff's award because Plaintiff's counsel billed time for filing a Motion for Summary Judgment but only filed a merits brief. Oppo at 8. CivLR 7.1(e)(6)(e) states that

>Merits Briefing. Unless otherwise ordered by the Court, the parties will adhere to the following briefing schedule with respect to the merits of the case: 1. Plaintiff's merits brief will be due within 30 days of the filing of the administrative record. 2. The Social Security Administration's opposition is due 30 days after service of the Plaintiff's brief. 3. Plaintiff's reply brief, if any, will be due 14 days after service of the defendant's brief. No other briefs or motions are required to be filed for the Court to dispose of the case on its merits.

The Court's September 30, 2022 Order Setting Mandatory Settlement Procedures and Briefing Schedule required Plaintiff to "file h[is] merits brief on or before November 17, 2022." ECF No. 20 (emphasis added). Accordingly, Plaintiff filed a Brief on the Merits as required by this Court's order and the Local Rules. ECF Nos. 20-21; CivLR 7.1(e)(6)(e). The Court will not reduce Plaintiff's fees by 1.5 hours because the billing statement says Motion for Summary Judgment instead of Brief on the Merits.

Reply Brief Fees

Defendant "anticipate[d] that Plaintiff w[ould] file a reply brief and seek additional fees for such briefing" and contends that Plaintiff should not be awarded any fees for filing a reply to Defendant's Opposition to Plaintiff's Motion for Attorney's Fees. Oppo. at 8-9. However, Plaintiff has not requested any fees for his reply brief [see Mot. at 11-12 and Reply]. Accordingly, Defendant's request to deny Plaintiff's request for fees related to her reply brief is moot.

Counsel's Hourly Rate

With respect to Plaintiff's counsel's hourly rate, Plaintiff's request is reasonable. Plaintiff is requesting $234.95 per hour for 56.5 hours of attorney time (after the Court's reduction) in 2022 and 2023 totaling $13,274.67. The attorney hourly rate is the statutorily authorized rate and therefore reasonable.[7] Defendant does not oppose the hourly rate that Plaintiff is

---

[7] See https://www.ca9.uscourts.gov/attorneys/statutory-maximum-rates/ ("Statutory Maximum Rates Under the Equal Access to Justice. Pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412 (d)(2)(A), Thangaraja v. Gonzales, 428 F.3d 870, 876-77 (9th Cir. 2005), and Ninth Circuit Rule 39-1.6, the applicable statutory maximum hourly rates under EAJA, adjusted for increases in the cost of living, are as follows: For work performed in: First Half 2023: $242.78 [and] 2022: $234.95") (last visited July 31, 2023).

requesting, only the number of hours. Oppo. Accordingly, the Court finds that the requested attorney's fees are reasonable.

## CONCLUSION

For the reasons set forth above, the Court finds that the requested fees are reasonable and therefore **GRANTS IN PART** the motion and **AWARDS** Plaintiff attorneys' fees in the amount of $13,274.67, subject to the terms of Plaintiff's motion [see ECF No. 26]. Fees will be made payable to Marquis Peirmen Dixon, but if the Department of the Treasury determines that Marquis Peirmen Dixon does not owe a federal debt, then the government will cause the payment of fees to be made directly to Josephine Gerrard, pursuant to the assignment executed by Marquis Peirmen Dixon [see Mot. at 6, 9].

**IT IS SO ORDERED**.

Dated: 8/21/2023

Hon. Barbara L. Major
United States Magistrate Judge